FILED
2021 MAY 7 PM 2:47
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. HENDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case #4:20-cv-00039 PK<br><br>Magistrate Judge Paul Kohler |

  This matter comes before the Court on Plaintiff Julie A. Henderson's appeal from the decision of the Social Security Administration denying her application for disability insurance benefits and supplemental security income. The Court held oral arguments on April 20, 2021. Having considered the case, the Court will reverse and remand the administrative ruling.

## I. STANDARD OF REVIEW

  This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

affirmed.[4] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II. BACKGROUND

A.   PROCEDURAL HISTORY

In December 2015, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on July 31, 2013.[7] Plaintiff later filed an application for supplemental security income benefits.[8] Plaintiff's claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on January 15, 2019.[10] The ALJ issued a decision on March 12, 2019, finding that Plaintiff was not disabled.[11] The Appeals Council denied Plaintiff's request for review on February 27, 2020,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

On April 28, 2020, Plaintiff filed her complaint in this case.[14] On August 3, 2020, both parties consented to a United States Magistrate Judge conducting all proceedings in the case,

---

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 217–23.

[8] *Id.* at 226–35.

[9] *Id.* at 80–81, 110–11.

[10] *Id.* at 30–49.

[11] *Id.* at 9–29.

[12] *Id.* at 1–6.

[13] 20 C.F.R. § 422.210(a).

[14] Docket No. 3.

including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] The Commissioner filed his answer and the administrative record on October 6, 2020.[16]

Plaintiff filed her Opening Brief on November 25, 2020.[17] Defendant filed his Answer Brief on December 28, 2020.[18] Plaintiff filed her Reply Brief on January 11, 2021.[19]

B.      MEDICAL HISTORY

Plaintiff claimed disability based upon peripheral neuropathy, fibromyalgia, back pain, diabetes, insomnia, narcolepsy, anxiety disorder, and depression.[20] Plaintiff has received treatment for these conditions for a number of years, primarily being treated with medication and other conservative methods.

C.      HEARING TESTIMONY

Before the ALJ, Plaintiff explained that she suffered from fibromyalgia, diabetes, depression, neuropathy, and back pain.[21] Plaintiff stated that her pain made it difficult to perform a number of daily functions.[22] While medication helped somewhat, it did not reliever her pain entirely.[23]

---

[15] Docket No. 11.
[16] Docket Nos. 14–19.
[17] Docket No. 22.
[18] Docket No. 24.
[19] Docket No. 25.
[20] R. at 251.
[21] *Id.* at 36–39.
[22] *Id.* at 42–43.
[23] *Id.* at 43.

D.     THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of July 31, 2013.[24] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine with spinal canal stenosis, diabetes, obesity, fibromyalgia, peripheral neuropathy, anxiety, and depression.[25] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[26] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions.[27] At step four, the ALJ determined that Plaintiff could not perform her past relevant work.[28] At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled.[29]

### III. DISCUSSION

Plaintiff raises two issues in her brief: (1) whether the ALJ erred at step three in finding that her impairments did not meet or medically equal a listed impairment; and (2) whether the ALJ erred in his treatment of the medical opinion evidence.

---

[24] *Id.* at 14.
[25] *Id.* at 15.
[26] *Id.* at 15–18.
[27] *Id.* at 18–21.
[28] *Id.* at 22.
[29] *Id.* at 22–23.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment.[30] In making this determination, the ALJ is "required to discuss the evidence and explain why he found that [a claimant] was not disabled at step three."[31]

Here, the ALJ concluded that "claimant's impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 1.00 and 12.00, or any other listing."[32] This statement is not sufficient under Tenth Circuit precedent. In *Clifton*, the Tenth Circuit addressed a situation where "the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment."[33] The court held that this "bare conclusion" was insufficient to allow for meaningful judicial review, requiring reversal.[34]

The ALJ's decision here suffers from the same flaw. The ALJ simply concluded that Plaintiff's physical impairments did not meet or equal a listed impairment. However, he did not specifically identify which sub-listings he analyzed or provide any rationale supporting his decision that would allow for meaningful review. This stands in stark contrast to the ALJ's consideration of Plaintiff's physical limitations and demonstrates the ALJ's analysis of Plaintiff's physical impairments was insufficient. As to her mental limitations, the ALJ specifically identified the Listings he considered—12.04 and 12.06—as well as the criteria

---

[30] 20 C.F.R. § 404.1520(a)(4)(iii).

[31] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

[32] R. at 15.

[33] *Clifton*, 79 F.3d at 1009.

[34] *Id.*

required to meet those listings.³⁵  The ALJ then went on to analyze the medical evidence relevant to that criteria, citing to specific evidence in the record.³⁶  There is no similar analysis with respect to Plaintiff's physical impairments.

The Commissioner argues that any error was harmless.  "[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment" if the Court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."³⁷  However, unless the other findings would "conclusively preclude Claimant's qualification under the listings at step three," remand is required.³⁸

The Commissioner goes through the record in a worthy attempt to show that Plaintiff did not meet or equal Listing 1.04A for at least 12 consecutive months during the relevant period. However, rather than pointing to findings by the ALJ that would support a finding that Plaintiff's impairments do not meet or equal Listing 1.04A, the Commissioner does the type of analysis the ALJ was required to conduct.  Despite the quality of the analysis, the Court finds it falls into the category of post hoc justification that cannot support the ALJ's decision.³⁹  As the parties' briefing and arguments demonstrate, there are evidentiary conflicts the ALJ must resolve.⁴⁰

---

³⁵ R. at 16–18.

³⁶ *Id.*

³⁷ *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) (quotation omitted).

³⁸ *Id.* at 735.

³⁹ *See Dye v. Barnhart*, 180 F. App'x 27, 30–31 (10th Cir. 2006).

⁴⁰ *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (concluding that the ALJ is entitled to acknowledge evidentiary conflicts and resolve any conflicts in the record).

There is evidence that both supports and detracts from a finding that Plaintiff meets the requirements for Listing 1.04A. Unlike the cases cited by the Commissioner,[41] Plaintiff has cited to evidence in the record that might support a finding of disability. It is up to the ALJ to determine whether that evidence is of the required severity and duration to meet the requirements of Listing 1.04A. The ALJ did not do that here and the Court cannot confidently say that no reasonable administrative factfinder, following the correct analysis, would have resolved this matter in another way. Because this error alone requires remand, the Court need not address the other argument raised by Plaintiff.[42]

Plaintiff argues that this matter should be remanded for an award of benefits. "When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits."[43] "Some of the relevant factors we consider are the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits."[44] While Plaintiff argues that remand is unnecessary because she meets Listing 1.04A, the Court is not convinced this conclusion is clear.

---

[41] Docket No. 24, at 11–12.

[42] *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

[43] *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

[44] *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal citations and quotation marks omitted) (alteration in original).

Therefore, remand is necessary so the ALJ can conduct the appropriate analysis in the first instance.

## IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED:  07 May 2021.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge